GEORGE W. MESERVE vs. COMMONWEALTH.

Suffolk. March 31. — April 1, 1884. DEVENS & COLBURN, JJ., absent.

An instrument by which a mortgagee acknowledges payment and satisfaction of the mortgage, cancels and discharges the same, and releases and quitclaims to the mortgagor the premises conveyed thereby, is a deed, within the meaning of the Gen. Sts. c. 162, §§ 1, 2, making the forging and uttering of a deed a punishable offence.

A certificate of a justice of the peace of an acknowledgment by a mortgagee of an instrument reciting payment and satisfaction of the mortgage, cancelling and discharging the same, and releasing and quitclaiming to the mortgagor the premises conveyed thereby, is a certificate "in relation to a matter wherein such certificate may be received as legal proof," within the meaning of the Gen. Sts. c. 162, §§ 1, 2, making the forging and uttering of such a certificate a punishable offence.

WRIT OF ERROR, to reverse a judgment rendered for the Commonwealth, at June term 1881 of the Superior Court for the county of Suffolk, for the transaction of criminal business, upon an indictment in eight counts.

The first count of the indictment alleged that the plaintiff in error, on December 10, 1879, at Boston, "did falsely make, alter, forge, and counterfeit a certain deed, which said deed was of the tenor following : that is to say, 'Know all men by these presents, that I, Charles Nickols, mortgagee named in a certain mortgage given by Catherine Lord and Henry Lord to me, dated January 15, A. D. 1872, and recorded with Suffolk deeds, lib. 1088, fol. 97, do hereby acknowledge that I have received from Henry Lord, the mortgagor named in said mortgage, full payment and satisfaction of the same; and, in consideration thereof, I do hereby cancel and discharge said mortgage, and release and quitclaim unto the said Henry Lord, and his heirs and assigns forever, the premises thereby conveyed. In witness whereof, I hereunto set my hand and seal this tenth day of December, A. D. 1879. Charles Nickols. [Seal.] Signed and sealed in the presence of L. M. Smith.'"

The second count charged the plaintiff in error with uttering the same deed.

The third count alleged that the plaintiff in error, at the same time and place, "did falsely make, alter, forge, and counterfeit a certain certificate of a justice of the peace in relation to a matter

wherein said certificate may be received as legal proof, to wit, a certificate of a justice of the peace of the acknowledgment of a deed and conveyance of an interest in lands lying in said Suffolk County; that said deed and conveyance is now recorded in the registry of deeds for said Suffolk County, and that said certificate was subjoined to said deed and conveyance before and at the time said deed and conveyance was presented to be recorded as aforesaid, and for the purpose of procuring its record as aforesaid, and was the only certificate of acknowledgment subjoined thereto, or in any manner produced therewith, at any recording of said deed and conveyance in said registry of deeds, which said deed and conveyance was of the tenor following, that is to say," setting forth the same deed as in the first count. " And which said certificate of a justice of the peace was of the tenor following, that is to say, ' Commonwealth of Massachusetts, Suffolk, ss.    December 10, 1879.    Then personally appeared the above-named Charles Nickols, and acknowledged the foregoing instrument to be his free act and deed.   Before me, L. M. Smith, Justice of the Peace.' "

The fourth count charged the plaintiff in error with uttering the same certificate.   The fifth and seventh counts charged him respectively with forging a deed and a certificate of the same tenor as those set forth in the preceding counts, except the name of the mortgagee and the date; and the sixth and eighth counts charged him respectively with uttering the same.

The record set forth that the indictment was found and returned into court by the grand jury at February term 1881, and thence continued to June term 1881, when the plaintiff in error was arraigned, and pleaded not guilty, and for trial put himself upon the country, and the Commonwealth did the like by its attorney; that a jury was duly empanelled, and returned a verdict of guilty; that the indictment was continued to July term 1882, when the plaintiff in error was sentenced to imprisonment in the state prison for the term of seven years.

The assignment of errors alleged that the instrument set forth respectively in the first, second, fifth, and sixth counts was not a deed, within the intendment of the Gen. Sts. c. 162, §§ 1, 2; and that the certificate set forth respectively in the third, fourth,

seventh, and eighth counts was not such as is received as legal proof of the matter to which it relates in any court of this Commonwealth.   Plea, *in nullo est erratum.*

*E. Avery & C. S. Lincoln,* for the plaintiff in error.

*E. J. Sherman,* Attorney General, *& F. J. Stimson,* Assistant Attorney General, for the Commonwealth.

BY THE COURT.   1. The court is of opinion that the instruments set forth in the first, second, fifth, and sixth counts of the indictment are deeds, under the Gen. Sts. *c.* 162, §§ 1, 2, and are properly described as such.

2. The court is also of opinion that the certificates set forth in the third, fourth, seventh, and eighth counts are, under the same statute, certificates in relation to a matter wherein they may be received as legal proof.

Such certificates, though not evidence of the execution of the deed, are competent as legal proof of the matter therein alleged, namely, that the deeds were acknowledged.

*Judgment affirmed.*